-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY L. MONTONE and
NICOLE H. MONTONE,

Petitioners,

-v-

DECISION AND ORDER
04-MC-6015CJS

INTERNAL REVENUE SERVICE,

Respondents.

By Order filed on April 4, 2005, petitioners, Anthony and Nicole Montone, were granted reconsideration of the December 2, 2004 Order dismissing this action. Liberally construing petitioners' papers and attached exhibits, in light of petitioners' *pro se* status, the Court determined that it was not wholly inconceivable that they could fashion a federal claim challenging a tax determination in accordance with the procedures for challenging an IRS ruling in federal court, as indicated in the "right to sue" notice provided to petitioners by the Internal Revenue Service ("IRS"). Therefore, the Court afforded petitioners an opportunity to submit an amended pleading setting forth a federal claim. Petitioners were advised that, in order to pursue such a claim, they would need to comply with the Federal Rules of Civil Procedure and to file a Complaint. The Clerk of the Court provided additional information regarding the form and procedure for filing the claim. Lastly, the April 4, 2005 Order advised petitioners that, should they fail to file a Complaint in a manner that complied with the Federal Rules of Civil Procedure, the action would be dismissed without prejudice. Petitioners have not satisfied the directives of the April 4, 2005 Order, and the

action is subject to dismissal on these grounds alone; however, for all the reasons discussed below and in light of the response filed, the action is dismissed with prejudice.

Petitioners' action, however they wish to characterize it, must fail whether it is viewed as a miscellaneous filing, as it is here, or as a potential civil complaint. Petitioners are, as any other litigant, required to abide by the federal rules of civil procedure as well as the Constitutional and statutory requirements. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)) ("[T]he right [to self-representation] 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'...."). They have not properly filed a miscellaneous action, nor properly brought a civil action. Although petitioners were advised to raise the issues suggested by their miscellaneous filing in a civil complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, they have refused to do so, despite numerous attempts of Clerk's Office staff to provide procedural guidance.

Whether they choose to characterize the action as one seeking a default judgment or by any other name, petitioners are seeking to be relieved of their tax burden. On this point, the law is clear and dismissal would be unavoidable. While they acknowledge that they both are "natural born American citizens living in New York State," (Docket No. 1, ¶ 2), petitioners nevertheless assert that the federal government "does not have the power to operate upon the Superior Sovereign living and working in the several States by using code and regulation (such as Title 26) as the vehicle to oppress them, without some form of nexus or other privileged capacity" (Docket No. 8, page 8, ¶ 9). They claim that they are entitled to enforcement of their supposed "default judgment" against the IRS, or if not, they claim a common law right to know their "standing" in relation to the federal

government, and to "know the jurisdiction, venue, nexus and authority limits of the federal government."

Similar arguments have been repeatedly and unequivocally found to be without merit.  The Second Circuit, when faced with an argument that a citizen of the State of Connecticut was not a citizen of the United States and thus not subject to federal taxation, stated that  "[taxpayer's] "tax protester" arguments are barely worth a footnote." *Upton v. I.R.S.,* 104 F.3d 543, 545 (2d Cir. 1997) (citing 26 U.S.C. § 7701(a)(23) and *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) (citizen of a state could not claim he was not a citizen of the United States); *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992) (same), *cert. denied,* 508 U.S. 952 (1993)).  Similar arguments have met the same fate. *See Jamroz v. Panuthos*, 129 F.3d 1267, 1997 WL 730303 (7th Cir. 1997) ("The appellants' contend that they are citizens of Indiana, but not of the United States of America, and therefore not subject to taxation .... As we have stated before, such a contention is patently absurd"); *United States v. Hanson,* 2 F.3d 942, 945 (9th Cir. 1993) (rejecting appellant's contention that "as a natural born citizen of Montana he is a nonresident alien" and thus not subject to federal tax laws).  The Ninth Circuit, when presented with the argument that an individual is not a taxpayer "because she is an absolute, freeborn and natural individual" concluded that the "argument is frivolous." *United States v. Studley,* 783 F.2d 934, 937(9th Cir. 1986).  "We note that this argument has been consistently and thoroughly rejected by every branch of the government for decades.  Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *Id.* at n. 3.  *See also Riddle*

3

*v. I.R.S.,* 2004 WL 1919991, n. 1, (D. Or. 2004) (quoting *Maddox v. Dep't of Revenue,* 2003 WL 21241338, *5 (Or.Tax Magistrate Div. 2003) (wherein the "stories of taxpayers who believe that they are not required to pay taxes" are not only found to be without merit, but are derided as poor literature. "As it is, they contain little more than standardized forms of falsehood so often reiterated as to be neither credible nor interesting").

Recently, the Tenth Circuit rejected the argument that an individual living within one of the several states which comprises the United States of America was not required to pay federal taxes, in the context of both civil and criminal actions. *See Ambort v. U.S.,* 392 F.3d 1138 (10th Cir. 2004); *Benson v. United States,* Nos. 94-4182, 95-4061, 1995 WL 674615, at **2 - 3 (10th Cir. Nov. 13, 1995) ("Mr. Ambort, a United States citizen born in California and living in the United States, is subject to the tax laws"). Ultimately, the Tenth Circuit affirmed Ambort's conviction for conspiracy to defraud the United States by assisting in the preparation of false tax returns, and 69 counts of aiding and assisting in the preparation of false federal tax returns. *U.S. v. Ambort,* --- F.3d ----, 2005 WL 1023345 (10th Cir. May 3, 2005). In affirming, the Court found that defendant's beliefs regarding tax code and procedures were irrelevant: "Ambort knew that that viewpoint [– that certain individuals could claim to be "nonresident aliens" not subject to the tax laws – ] was contrary to well-established law. He cannot disguise his knowing disregard of well-established legal principles and duties as a good faith procedural effort to evade those principles and duties." Id. at *4. Clearly, – whether brought as a civil action or, as petitioners assert, a miscellaneous action – the claims are frivolous, and, therefore, are dismissed.

4

Additionally, petitioners' action, brought against the United States Internal Revenue Service, is essentially a suit against the United States. *Hawaii v. Gordon,* 373 U.S. 57, 58 (1963). As such, the court lacks jurisdiction over the action unless the government has expressly waived sovereign immunity. *United States v. Mitchell,* 445 U.S. 535 (1980). No such express waiver has been suggested here. In fact, in most instances such claims are barred by the Anti-Injunction Act and the Declaratory Judgment Act. 26 U.S.C. § 7421 and 28 U.S.C. § 2201; *and see Ambort v. U.S.,* 392 F.3d at 1140. Therefore, the sovereign immunity doctrine precludes this action, even if properly raised in a civil complaint.

In the final analysis, this action cannot proceed either as a miscellaneous filing or if brought as a civil complaint. The action is frivolous, meritless and jurisdictionally barred. Accordingly, the action is dismissed with prejudice.

While the Court does not, at this time, impose sanctions on the *pro se* petitioners, petitioners are advised that Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a *pro se* litigant who violates Rule 11(b). *See Jones v. City of Buffalo,* 1998 WL 214807, ** 3, 4 (W.D.N.Y. April 22, 1998); *see also Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988) ("*pro se* filings do not serve as an 'impenetrable shield [from the application of Fed.R.Civ.P. 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'") (quoting *Farguson v. Mbank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986)). "'[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.'" *Jones,* at *3 (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990)); *see also* Advisory

Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 11 ("the purpose of Rule 11 sanctions is to deter rather than to compensate").

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:      May _16_, 2005
            Rochester, New York

                                    _Charles Siragusa_
                                    CHARLES J. SIRAGUSA
                                    United States District Judge